## Richmond

EASTERN MOTOR INNS, INC.

v.

VIRGINIA EMPLOYMENT COMMISSION

AND

MARK D. GRAVLEY

No. 1429-91-3

Decided June 23, 1992

784

COUNSEL

Evans B. Jessee, for appellant.

John B. Sternlicht, Assistant Attorney General (James W. Osborne, Assistant Attorney General; Mary Sue Terry, Attorney General, on brief), for appellee, Virginia Employment Commission.

No brief or argument for appellee, Mark D. Gravley.

OPINION

WILLIS, J.—Eastern Motor Inns, Inc. (Eastern) appeals the order of the trial court affirming the decision of the Virginia Employment Commission that Eastern Motor Inns is the last thirty-day employer of Mark Gravley and awarding him unemployment benefits. Eastern contends that the trial court erred (1) in finding it to be the last thirty-day employer of Gravley, and (2) in finding that Gravley was employed by it during the period of time in question. We find no error and affirm the judgment of the trial court.

Eastern first contends that it was not the last thirty-day employer of Gravley during the benefit year ending immediately prior to the award of benefits. Therefore, Eastern argues, benefits paid to Gravley are not chargeable to it.

■ Upon judicial review, "the findings of the Commission as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive." Code § 60.2-625(A). The commission found that the claimant, Gravley, was employed as an "on-call" clerk at MacWythe Inn, a motel owned by Eastern. He was paid on an hourly basis and had no set schedule. Sometimes he was unable to work. During the twelve-month period ending December 1, 1989, Gravley worked at least thirty days at the Inn. His employment relationship with Eastern never changed. During the period for which he sought compensation, there were weeks for which the wages paid to him were less than his weekly benefit amount. He was found qualified for benefits effective December 3, 1989. These findings are supported by the evidence and are conclusive. There is no suggestion of fraud.

Citing an unpublished opinion[1] of the Supreme Court, *Gunter v. Danville School Board* (Record No. 820858, March 8, 1985), Eastern argues that Gravley was not an employee of Eastern because he was unemployed. However, *Gunter* addressed not the identification of an employment relationship, but the application of Code § 60.1-23 (now § 60.2-226) to control the definition of "unemployment" for purposes of benefit entitlement. The relationship between Eastern and Gravley constituted employment within the definition of Code § 60.2-212, although during certain weeks Gravley was partially separated because his earnings fell below a threshold amount. Thus, he was Eastern's employee.

Eastern also argues that Gravley does not satisfy the eligibility requirements of Code § 60.2-614. In pertinent part, that statute reads:

> No individual may receive benefits in a benefit year unless, subsequent to the beginning of the immediately preceding benefit year during which he received benefits, he performed service for an employer as defined in Sec. 60.2-210 for remuneration during thirty days, whether or not such days were consecutive, and subsequently became totally or partially separated from such employment.

Eastern acknowledges that Gravley worked for it at least thirty days during the twelve month period ending December 1, 1989. However, it argues that he was never totally or partially separated from his on-call employment.

■ The commission correctly found that Gravley was partially separated from employment during those weeks when his earnings fell below the unemployment benefit amount as defined by Code § 60.2-226. This ruling is consistent with prior commission decisions. *See Mulligan v. City of Virginia Beach School Bd.* (Record No. 11852-C, April 12, 1979); *Davis v. Norfolk Public School System* (Record No. 16568-C, November 20, 1981). A person who is an on-call employee, without a definite commitment from the employer, is unemployed under the Virginia Unemployment Compensation Act if he earns less than his weekly benefit amount. *See* Code § 60.2-226.

---

[1] We express no opinion as to the precedential value of an unpublished decision.

The judgment of the trial court is affirmed.

*Affirmed.*

Benton, J., and Elder, J., concurred.